IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| MATTHEW PELLINO, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | Case Number CIV-09-1049-C |
| GREG PROVINCE, Warden | ) | |
| Respondent. | ) | |

# **O R D E R**

This 28 U.S.C. § 2254, action for habeas corpus relief brought by a state prisoner proceeding pro se, was referred to United States Magistrate Judge Bana Roberts, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation on October 30, 2009, recommending the Petition be dismissed as untimely. Petitioner filed a timely objection, and the Court therefore considers the matter de novo.

The Magistrate Judge properly raised, *sua sponte*, the timing of Petitioner's complaint. As made clear on the face of the Petition, Petitioner's judgment of conviction was entered on April 20, 2006, and the present action was not filed until September 9, 2009.[1] Judge Roberts noted that Petitioner did not seek post-conviction relief in the state court within 10 days of his conviction and therefore the conviction was final for 28 U.S.C. § 2244(d)(1)(A) purposes on April 30, 2006. Because the present Petition was not filed until September 9, 2009, it is untimely and therefore must be dismissed unless the limitations period is tolled for some reason.

---

[1] As noted by Judge Roberts the 9th is the earliest date the Petition can be considered filed as that is the date it was signed by Petitioner.

Petitioner argues that his state post-conviction relief was not timely filed due to ineffective assistance of counsel and therefore the time limits should be tolled. However as Judge Roberts correctly noted, Petitioner's state post-conviction filing cannot serve to toll the limitations period because it was not filed until August 1, 2008, well after the AEDPA[2] period had expired.

In his objection, Petitioner asserts the limitations period should be tolled because he was held in the Okmulgee County Jail from July 24, 2006, until July 13, 2007, and that facility offers neither legal representation nor a law library. Therefore, Petitioner argues, the limitation period should not begin running until his arrival at a facility with an adequate law library.

Petitioner's objection fails for two reasons. First, Petitioner's bare allegation that he lacked access to a law library is insufficient to toll the running of the limitations period. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (internal citation omitted) ("[Petitioner] has provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims. It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). "[Equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Petitioner has offered no basis on which diligent pursuit can be found. Thus, he is not entitled to equitable tolling.

---

[2] Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d)(1).

Second, even were the Court to toll the limitations period for the time Petitioner was at the Okmulgee facility, his Petition would still be untimely. As noted above, Petitioner's conviction was final on April 30, 2006. He was not at the Okmulgee facility until July 25, 2006, thus 86 days had elapsed prior to arrival. He was transferred from the Okmulgee facility on July 13, 2007, and the limitations period would have begun again. As noted above, Petitioner did not file the present action until September 9, 2009, another two years and 58 days after the purported impediment of lack of access was removed. Thus, even tolling the limitations period for the period while Petitioner was at Okmulgee offers no respite from the expiration of the limitations period.

As set forth more fully herein, Petitioner has failed to offer any basis to counter the Report and Recommendation of the Magistrate Judge. Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this Petition for habeas corpus relief is DISMISSED, as untimely. Because no amendment can cure the defect, this dismissal acts as an adjudication on the merits. A judgment will enter accordingly.

IT IS SO ORDERED this 23rd day of November, 2009.

ROBIN J. CAUTHRON
United States District Judge